### Application of CARR.

(Court of Appeals of District of Columbia. Submitted January 10, 1927. Decided February 7, 1927.)

#### No. 1896.

Patents ⬅➡66(1)—Application of patent for improvement for concrete road machine held to disclose invention, not anticipated by other patents.

Particular claim in application for patent for improvement in concrete road machine, involving float at rear having a finishing belt, *held* to disclose invention, not anticipated by prior patents.

Appeal from the Commissioner of Patents.

In the matter of the application of Edward G. Carr for patent. From a decision of the Commissioner of Patents, denying application as to particular claim, applicant appeals. Reversed.

W. G. Henderson, of Washington, D. C., and F. E. Dennett, of Milwaukee, Wis., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from concurrent decisions of the Patent Office rejecting claim 11 of appellant's application for letters patent for an improvement in concrete road machines.

Appellant's device is a concrete road-building machine, comprising a frame supporting various mechanisms, carried by four wheels propelled by a motor. The frame supports a tamper, and at the rear carries a float or finisher, also called a belt. This member is covered with cloth or canvas, and is hinged to the frame, so that it may be turned up when at rest. When in use it drags along the rear of the machine, and at the same time is transversely moved across the concrete road by means of certain appliances secured to the frame which carries the finisher.

The function of the float or finisher is to be moved crosswise over and in contact with the top of the cement mortar composing the road surface, while still plastic or unset, in order to put a smooth finish upon the cement by its wiping action. The float is connected at its ends with the frame, in order to be subject to this straight crosswise pull, as contrasted with any method of attachment which would permit of only a straight forward or backward movement when in action. The usefulness of the float as a wiper would be destroyed, were it connected with the frame in any manner which would not permit of its transverse or crosswise movement. In the specifications the applicant refers to this member as "a belt or float or finisher which may be used to float or give a finish to the road surface," and also says: "It may be of any construction or material, but I prefer a cloth material, such as canvas, and I prefer to move it back and forth across the road."

All of appellant's claims were allowed, except claim 11, which reads as follows:

11. "In a device of the class described, a portable frame, and means for propelling the same, and a belt supported at its ends by said frame, so as to have engagement with the surface of a piece of plastic cement work over which said frame travels."

The references upon which this claim was rejected are Connelly, August 28, 1917, and Peterson, March 21, 1922. We think, however, that these references do not support the rejection. In Connelly's patent the drag is used for roughening slightly the surface of the tamped concrete roadway, in order to render it better adapted for receiving paving bricks in seated position thereon. Connelly describes it as composed by preference of "a length of heavy leather belting," and states that:

"Said drag is made in two or more sections, having their adjacent ends disposed in overlapped relation, to adapt the same for adjustment with other parts of the machine to suit the width of the roadway being acted upon."

It is manifest that Connelly's drag is not designed to function similarly to applicant's, and is so constructed as to be incapable of such action. It cannot be reciprocated across a road, but can only be used by dragging it in a single direction longitudinally with the road. The inventive conception of these parts in the several devices is not the same.

The Peterson patent was granted March 21, 1922, upon an application filed June 19, 1920. It cannot serve here as a legal anticipation of appellant's invention, as described and defined by the rejected claim, for the reason that both the filing date of Peterson's application and the date of the grant of his patent are subsequent to May 9, 1919, the date upon which appellant's application was filed. In this connection we may say that the term "belt" seems to be applicable to applicant's drag, quite as fairly as to Peterson's. In neither device is there an endless belt, but in both alike the drag must be measurably taut in order to accomplish its purpose.

We think accordingly that claim 11 should be allowed, and the decision of the Commissioner of Patents is therefore reversed.