## LAKEWOOD ENGINEERING CO. v. WALKER et al.

Circuit Court of Appeals, Sixth Circuit.
January 4, 1928.

No. 4780.

1. **Patents ☞72(4)—Claim limited by recital to particular use is not necessarily anticipated by similar device incapable of such use without adaptation.**

A claim limited by its recitals to a particular utility is not necessarily anticipated by similar device incapable of that use without adaptation.

2. **Patents ☞27(1)—Application of old material to new use, with some form adaptation, may evidence invention.**

Application of old material to new use, with some form adaptation may be patentable.

3. **Patents ☞328—1,234,984, for road-surfacing device, held valid and infringed.**

Walker patent, No. 1,234,984, for road-surfacing device, *held* not anticipated, valid, and infringed.

4. **Patents ☞322—Master should be directed to report what reasonable royalty would be, where same may be appropriate measure of infringement damages.**

In cases where that may be the appropriate measure, the master shoud be directed to ascertain and report what a reasonable royalty would be.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by George C. Walker and another against the Lakewood Engineering Company. Decree for complainants, and defendant appeals. Decree modified, and, as so modified, affirmed.

For opinion below, see 14 F.(2d) 333.

Frank E. Dennett, of Milwaukee, Wis., for appellant.

Stuart C. Barnes, of Detroit, Mich. (Lucking, Hanlon, Lucking & Van Auken and Howell Van Auken, all of Detroit, Mich., on the brief), for appellees.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. The defendant below appeals from the usual interlocutory decree for injunction and accounting, based upon patent No. 1,234,984, dated July 31, 1917, issued to appellee Walker for a float for concrete pavements. This consists of a strip of flexible heavy material, which he called a strap, carrying a handle at each end, and intended to be pulled back and forth transversely over the surface of a new and soft concrete pavement, thereby working in the coarser particles and smoothing and floating the surface, as a mason floats the surface

of a plastered wall. The defense is that the patent was invalid for lack of invention.

The substantial utility of the device, as compared with the formerly known methods, cannot be seriously questioned. Concrete pavements, whether sidewalk or street, were built by, placing the wet mixture between side guards, which made a form, and, after sufficiently even distribution and tamping or otherwise packing down of the material, the surface was smoothed and perfected in one of two ways: One was to take a rigid board or bar resting upon the edge forms and move it back and forth transversely and diagonally of the pavement, with a smoothing and floating effect. The other was to throw across, from form to form, a bridge upon which the workman could stand while he used hand trowels and floats to perfect the surface.

The patented device got a result as good as or better than the hand tool floating, and with much less time and expense, and it had some inherent advantages over the rigid bar float. Its flexibility enabled it to accommodate itself to inequalities and hard or soft spots in the surface, and reduce them to uniformity more gradually and more perfectly, its weight being sufficient to cause it to drag down high spots, reducing them less abruptly than a rigid bar would do; and its flexibility also permitted that, as it was given forward progress longitudinally of the pavement, as secondary to its transverse reciprocating motion, the forward edge could yield upwardly, or could be turned upwardly, and pass over some high spots, so as to reduce them, instead of carrying them along and piling them up ahead of the float.

[1] We have little difficulty with the earlier patents and devices which are set up as anticipations or as inconsistent with the existence of any invention in what Walker did. They do not respond to the letter of the claims,[1] because they are not road-surfacing devices;[2] nor to its spirit, because they are

[1] "1. As a new article of manufacture, a road-surfacing strap having provision at the ends thereof, so that said strap may be manipulated upon the surface of the road.

"2. A road-surfacing device, comprising a flat pliable strap, and handle bars at the ends thereof."

[2] Many a claim to a device or an article has been sustained, because its reference to its purpose or use was thought enough to distinguish it patentably from earlier devices, which would be covered by its otherwise too broad words of structural description—e. g., an old continuous cement lining claimed in a pulp digester, Munising v. American Co. (C. C. A. 6) 228 F. 700; an old bituminous composition, claimed as a

in fields too far away. They are: A short thin strip for shining shoes; a similar one, preferably six inches long, three-fourths of an inch wide, and one-sixteenth of an inch thick, for rubbing filler into the pores of wooden spokes; a flesh-rubbing belt, made of coarse strands of hair and apparently two or three feet long; and a belt for rubbing and thereby cleaning horses' legs, which also was relatively short, small, and light. Between these devices and the one patented there is such a difference in size, strength, and weight, and in purpose and manner of use, that they furnish no effective suggestion of either the means or the result which Walker accomplished. They operated under tension, and they applied the pressure which the muscles of the operator furnished. Considered as supporting the defense that Walker's plan was a mere double use of what they show, they are so much less effective than the one which is now to be considered that they may be passed without further comment.

The patent gives instructions that the device may be made by taking a piece of flexible and pliable belting, heavy enough so that its weight will work the material into the roadway, and attaching a handle at each end so that two workmen can pull it back and forth. As the District Judge suggests, it is familiar knowledge that used threshing machine belts or similar power belts were commonly lying about, and it follows that all Walker did was to take one of these existing belts, attach handles, and use it for the new purpose. From this aspect of double use, the question of invention becomes a close one. Of course, there is no inventive conception in merely attaching a handle to make the belt more controllable, after the thought of using the belt for this purpose was developed; but it may be said that the handles, like the scale marking in Dunn v. Standard (C. C. A. 6) 204 F. 617, 623, indicate and characterize the novelty of the use and so join in creating a patentable combination. It is apparent now that these old belts would have been useful, not only for floating concrete pavements, but for smoothing up soft ground or many similar purposes. This useful means had been at hand all the years, but no one had ever thought of using it; and indeed it is a far cry from a power conveyor to a mason's trowel. Further, the very flexibility of the belt, which has turned out to be its best characteristic in the new use, might well have seemed to forbid that use.

[2, 3] Judged by the objective and subjective tests which are applicable, and by which we have been guided as well as may be in other cases, we conclude that the District Judge was right in finding the quality of invention to be present in this conception that the old material could be employed for this new use, coupled with the (thereupon) rather obvious mechanical changes which were necessary to make practical the application of the thought. See Western Electric v. La Rue, 139 U. S. 601, 11 S. Ct. 670, 35 L. Ed. 294; Potts v. Creager, 155 U. S. 597, 15 S. Ct. 194, 39 L. Ed. 275; General Co. v. Bullock (C. C. A.) 152 F. 427; Aiken v. Nat. Tube Co. (C. C. A.) 163 F. 254; Herman v. Youngstown (C. C. A.) 191 F. 579; Lyman v. Bassick (C. C. A.) 18 F.(2d) 29, 35. See, also, In re Carr, 57 App. D. C. ——, 17 F.(2d) 959.

The supposed rule of the Locomotive Truck Co. Case, 110 U. S. 493, 4 S. Ct. 220, 28 L. Ed. 222, is much pressed upon us; but that case, as well as Potts v. Creager, and all that follow, recognize that the application to a new use may be invention, if there be a sufficient lack of analogy and if there be some adaptation. It is not without importance that the novel thought here involved might well have been expressed in terms of method, and courts will be slow to invalidate a product patent, only because the claim took that form, instead of the method form.

As to infringement, we observe only one substantial question. The defendant uses a strike board or form which shapes the surface roughly, and follows this by a tamping device, and this by the characteristic reciprocating and transverse dragging of a strip of canvas belting. It is set at a slight angle, so that the forward edge is raised and performs substantially the work contemplated by the patent. It is of relatively light weight, and defendant claims that it only wipes off the water, and does not float the material to a substantial extent. This claim is not sustained by the evidence. The device produces results different in degree from those which would be produced by a heavier leather belt, but we have no doubt it has a substantial reducing, smoothing, and floating effect.

[4] The decree should therefore be affirmed. We think, however, it should be modified, as we are now directing in appropriate cases, by providing that the master upon the accounting should ascertain and report what a reasonable royalty would be, if it should later seem to the court proper to adopt, in whole or in part, that measure of damages.

The decree, as so modified, is affirmed.

street pavement, Warren v. Owosso (C. C. A. 6) 166 F. 309; an old compound claimed as a resistance element, General Electric Co. v. Hoskins Co. (C. C. A. 7) 224 F. 464.