PIERCE OIL CORPORATION et al. v.
UNITED STATES.

RIELY et al. v. SAME.

Civil Actions Nos. 193 and 354.

District Court, E. D. Virginia.

Sept. 17, 1947.

Robert T. Barton, Jr., of Richmond, Va., for plaintiffs.

George R. Humrickhouse, U. S. Atty., of Richmond, Va. for defendant.

BRYAN, District Judge.

While the claim in No. 354 is for the recovery of the same item of 1937 taxes sought in No. 193, and the decision of the former would render moot the claim in No. 193 for 1937 taxes, it is necessary to decide both cases because No. 193 embraces a second claim not involved in No. 354.

### No. 193.

In my opinion the plaintiff taxpayer is entitled to prevail in his claims for both 1937 and 1939 taxes.

My view is that the disbursements made by the Pierce Petroleum Corporation on behalf of the Pierce Oil Corporation were operating expenses of the latter and were, therefore, proper deductions in computing the net income of Oil for the years 1937 and 1939. Under the agreement of May 6, 1924, between these two corporations, Petroleum agreed to pay Oil "the expenses to enable it to maintain its corporate existence." This was a monetary obligation to Oil and the moneys when paid became a part of the general funds of Oil. The character of the obligation and of the funds is not altered by Petroleum's direct payment of the expenses in lieu of remitting to Oil.

The moneys so payable to Oil were applicable by Oil as it saw fit, being likewise

subject to the claims of Oil's creditors, if any. Oil's expenses of corporate maintenance were its obligations and as such were deductible expenses for tax purposes. Petroleum's payment of these expenses with moneys owing by it to Oil does not vary the actuality that the expenses were due and payable by Oil, that they were paid with Oil's money and that they were deductible expenses.

The testimony of J. J. O'Brien is not considered by me as admissible and was not used in the determination of this case. If the maintenance expenses are deductible, as I think they are, the failure of Petroleum and Oil so to treat them in the original returns of the corporations is not conclusive, but merely grounds for charging an inconsistency in their present position. The same is true of the omission of the deductions from the financial statements. The payments by Petroleum to Oil were capital payments; but whether they were or not does not affect the character of the use to which the moneys were put by or on behalf of Oil.

### No. 354.

The fact stipulations here concede that on December 31, 1936, the capital of the taxpayer was impaired and the impairment was so great as not to be restored by the net earnings and profits of 1937.

█ In my judgment the taxpayer in No. 354 is entitled to recover the amount of its claim, both because the Virginia statute, sec. 3840, Va.Code 1919, as amended, prohibited the declaration of dividends by Oil from its 1937 net earnings, and because it was entitled to an undistributed profits tax credit for its deficit from prior years under sec. 501(a) (3) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, page 344. While there seems to be no decision of the Supreme Court of Appeals of Virginia on the point, my conclusion based on a study of the text and context of the entire statute is that sec. 3840 forbids a corporation to pay dividends from its earnings although net for a particular year, if at that time its assets are less than its capital as the latter term is defined in that section. The Virginia statute allows dividend payments from "net earnings" or "net assets," but

they are sources only while the capital is unimpaired. The purpose of the dual description is solely to emphasize that the excess is available for dividends whether it retains its form originally as earnings or has subsequently been invested in another form of assets.

The Court will adopt the stipulations of fact as its findings of fact, and upon presentation I will sign a statement of my formal conclusions of law, which may be easily gathered from the views I have here expressed.

### Findings of Fact.

This action, having been tried upon the facts by the court without a jury, the court does hereby find the facts specially and state separately its conclusions of law thereon, and directs the entry of the appropriate judgment, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as follows:

1. Pierce Oil Corporation, herein sometimes called "company," was a corporation organized on June 21, 1913, and existing under and by virtue of the laws of the State of Virginia. By decree of the Circuit Court of the City of Richmond, Virginia, entered December 27, 1940, in said court, the Company was dissolved.

2. At all times during the term of its corporate existence, the Company was a citizen and resident of the State of Virginia, and the persons named as plaintiffs at the time of instituting this action were and had been since and prior to 1937 citizens and residents of the State of Virginia, residing in the City of Richmond, in that state.

3. On or about the 13th day of April, 1940, in a suit by H. C. Breeden and others, as plaintiffs, against the Company, as defendants, in the Circuit Court of the City of Richmond, Virginia, which suit, among other matters, prayed that the defendant therein be dissolved, plaintiffs Henry C. Riely and Robert T. Barton, Jr., were appointed Receivers by said Court under the provisions of Section 3813 of the Virginia Code 1942, and invested with the powers of Receivers in equity of all and singular the property and assets of the Company,

including claims for refund of taxes, and said Receivers were among other matters authorized to collect all outstanding accounts, things in action and credits due or to become due or owing to the Company, and to institute and prosecute within the Commonwealth of Virginia or elsewhere in any court or before any officers, department, bureau, commission, board or other authority or tribunal and in their own names as Receivers or in the name of the Company as they might be advised by counsel, all such actions, proceedings or suits as in their judgment might be necessary for the recovery or proper protection of said property or any part thereof and the discharge of their trust; that the plaintiff Henry C. Riely resigned as one of the Receivers of Pierce Oil Corporation on May 4, 1945, which resignation was accepted by the Circuit Court of the City of Richmond, Virginia, by decree entered May 25, 1945, and the plaintiff Robert T. Barton, Jr. by said decree was continued as sole Receiver with all the powers and authority vested in or conferred upon the said Henry C. Riely and Robert T. Barton, Jr., as Co-Receivers of Pierce Oil Corporation.

4. On or about the 4th day of January, 1943, the Circuit Court of the City of Richmond, Virginia, under the provisions of Section 3813 of the Virginia Code 1942, made its decree authorizing and directing Henry C. Riely, as Receiver for the Company, to file a claim for refund of undistributed profits taxes theretofore paid by the company to the defendant in the amount of $17,714.55 for the year 1937, which direction was promptly complied with, as hereinafter stated in Finding of Fact No. 12.

5. On or about the 23rd day of November, 1944, said Circuit Court of the City of Richmond, under the provisions of Section 3813 of the Virginia Code 1942, made its decree authorizing and empowering the plaintiffs to institute this suit in this Honorable Court as Receivers for Pierce Oil Corporation.

6. This suit and the causes of action set forth herein arise under the Constitution of the United States of America, and the laws thereof providing for internal revenue, and this suit is brought under the Revenue Act of 1936, as amended by Section 501 of the Revenue Act of 1942, to recover undistributed profits taxes for the taxable year 1937 in the amount of $17,714.-55, and the interest thereon from the date of payment that were paid by the Company as hereinafter alleged, to the Collector of Internal Revenue for the Second New York District.

7. This court has jurisdiction of this suit.

8. On or about the 14th day of March, 1938, the Company duly filed with James J. Hoey, the duly appointed, qualified and acting United States Collector of Internal Revenue for the Second New York District, its Federal income tax return for the taxable year 1937 in accordance with the provisions of Section 53 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 844, and paid under protest the undistributed profits tax shown to be due thereon in the total amount of $17,714.55 into the Treasury of the United States of America through the medium of James J. Hoey, the New York District as follows:

| | |
|---|---|
| March 16, 1938 | $ 4,428.64 |
| August 3, 1938 | 4,428.64 |
| September 14, 1938 | 4,428.64 |
| December 14, 1938 | 4,428.64 |
| | $17,714.56 |

9. Said James J. Hoey, the Collector of Internal Revenue for the Second New York District, to whom said sums were paid, went out of office on November 10, 1941, and has since departed this life.

10. During a considerable number of years preceding the taxable year 1937, the Company's operations had been unsuccessful and the Company had sustained a deficit in accumulated earnings and profits up to and including December 31, 1936, which was the close of the preceding taxable year, and as of January 1, 1937, which was the beginning of that taxable year, of at least $1,149,642.76.

11. Although the Company had net earnings and profits for the year 1937 computed under the Revenue Act of 1936 as then in force in the amount of $86,412.46, no part of which were distributed during the year

1937, the Company nevertheless at the close of the taxable year 1936, and during its entire taxable 1937, had a deficit in accumulated earnings and profits, and that the Company's capital was impaired on December 31, 1936, by at least $1,149,642.76, and on December 31, 1937, by at least $1,000,000.00.

12. On or about January 13, 1943, and in strict compliance with the provisions of the Internal Revenue Code, the plaintiffs by said Henry C. Riely as Receiver (said Robert T. Barton, Jr., being then in military service) duly filed with the Collector of Internal Revenue for the Second New York District their claim for refund of said undistributed profits tax in the amount of $17,714.55 and interest.

13. That more than six months and less than two years had elapsed since the filing of said claim for refund referred to in the preceding paragraph at the time this suit was brought, and neither the Collector of Internal Revenue nor the Commissioner of Internal Revenue had at the time rejected said claim or any part thereof.

14. The Company paid no dividends on any class of stock for the taxable year 1937.

15. No part of the $17,714.55 so claimed has at any time been paid by the defendant to the plaintiffs or any of them.

## Conclusions of Law.

I. The capital of the Company was impaired on December 31, 1936 and the impairment was so great as not to be restored by the net earnings and profits of the taxable year 1937.

II. Declaration or payment of dividends by the Company from its net earnings for the taxable year 1937 was prohibited by the laws of Virginia.

III. The Company was a deficit corporation as defined and provided by Section 26(c) of the Federal Revenue Act of 1936, as amended by Section 501(a) (2) of the Federal Revenue Act of 1942.

IV. The sum of $17,714.56 that was paid by the Company to the Collector of Internal Revenue for the Second New York District in 1938 as Undistributed Profits Tax for the taxable year 1937 was erroneously and illegally demanded, collected and received by said Collector from the Company.

V. Plaintiff Robert T. Barton, Jr., as sole Receiver of the Company, is entitled to a refund from the defendant of Undistributed Profits Tax paid by the Company for the taxable year 1937 in the amount of $17,714.56, with interest as provided by law.

VI. Judgment is directed to be entered in favor of Robert T. Barton, Jr., as sole Receiver of Pierce Oil Corporation, a Virginia corporation heretofore dissolved, against the United States of America, in the sum of $17,714.56, with interest on $4,428.64 thereof from March 16, 1938, with interest on $4,428.64 thereof from August 3, 1938, with interest on $4,428.64 thereof from September 14, 1938, and with interest on $4,428.64 thereof from December 14, 1938.