**BLOCK et al. v. THOUSANDFRIEND et al.**

**No. 21, Docket 21019.**

United States Court of Appeals
Second Circuit.

Nov. 1, 1948.

Roth & Roth, of New York City (Irving J. Roth, of New York City, of counsel), for defendant-appellant.

Jennings & Kenney, of New York City (Joseph C. Kenney, of New York City, of counsel), for plaintiffs-appellees.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal by the defendant, a landlord, from a judgment in favor of his tenants who were plaintiffs in an action for the refund of overcharges said to have been made in violation of § 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(e). Certain apartments in New York City were rented to the tenants in November, 1944. In November, 1945, the Area Rent Director ordered the maximum rent reduced, which had been set by the defendant, and payments by the tenants in excess of the reduced amounts refunded. The defendant did not obey the order, but sought a review by the Regional Administrator of the OPA who refused to grant any relief, whereupon the defendant proceeded by protest to the Price Administrator of the OPA in Washington, D. C., to challenge the validity of the reductions and the refund orders as arbitrary and not in accordance with law. The plaintiffs thereupon, on January 31, 1946, brought this action to recover the excess rent, as well as counsel fees and treble damages, and on March 4, 1947, recovered a judg-

ment for treble damages in the sum of $7,164, based upon the defendant's failure to make refunds, and were awarded attorney's fees in the amount of $600. At the trial of the action, the court below was requested to issue a stay until the Price Administrator had acted upon the then pending protest, but the judge refused to stay the trial and when the defendant sought to obtain leave to file a complaint against the Price Administrator in the Emergency Court of Appeals challenging the validity of the reduction and refund orders denied the motion. On April 3, 1947, an order was issued in the protest proceedings by the Temporary Controls Administrator, who succeeded to the powers of the Price Administrator, granting the protest by the defendant against the refund provisions in the orders of the Area Rent Director.

It is argued on behalf of the tenants that the trial court had before it only an order authorizing a refund and that the order of the Temporary Controls Administrator denying such refund could have no effect. They even argue that if the issues were to be tried afresh, the court could not regard the final order of the Temporary Controls Administrator as determinative of the right to a refund. Neither proposition is at all maintainable after the decision of the Supreme Court in Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, where Mr. Justice Jackson said (333 U.S. at page 477, 68 S.Ct. at page 626): "The duty to refund was created and measured by the refund order and was not breached until that order was disobeyed."

We think that on the rendition of the order of April 3, 1947, the defendant was entitled to have the judgment set aside because there was no longer any order for refund upon which that judgment was necessarily founded. On April 17, 1947, the defendant moved for a rehearing under Federal Rules of Civil Procedure rule 59, 28 U.S.C.A., and filed an affidavit referring to the reversal by the Temporary Controls Administrator of the order of the Area Rent Director and alleging that it was "no longer equitable to permit the * * * judgment to stand." The Rule invoked provided that a motion for a new trial

on the ground of newly discovered evidence could be made at any time prior to the expiration of the time for appeal. Rule 60(b), which became effective in March, 1948, provided not only that a judgment might be reversed for newly discovered evidence, but also in cases where "it is no longer equitable that the judgment should have prospective application", or might be reversed for "any other reason justifying relief from the operation of the judgment." Rule 86(b) makes it clear that the Rules, as presently amended, govern "all further proceedings" in actions pending when the Rules took effect, except where this would work an injustice. We think that either under the old Rule 59(b) or the new Rule 60(b) (2) (5) or (6), the judgment must be reversed.

Judgment reversed and complaint dismissed.