**PIERCE OIL CORPORATION et al. v. UNITED STATES.**

Civ. No. 193.

United States District Court
E. D. Virginia, Richmond Division.

Nov. 3, 1949.

For former opinion see 77 F.Supp. 273.

been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * *."

The facts are that the present action, No. 193, was companion to another action, No. 354, between the same parties. No. 193 sought recovery from the United States of amounts paid on account of undistributed profits taxes, that is, $2836.77 for the year 1937, and $438.17 for the year 1939, alleged to be due by reason of the failure of the United States to allow the plaintiffs certain deductions from their gross income. No. 354 asked refund of the same 1937 taxes, amounting to $2,836.77, as was prayed in No. 193, but No. 354 embraced that item in a claim for all of the undistributed profits taxes paid for the year 1937, and was based upon grounds different from those urged for the refund in No. 193 and not existing when No. 193 was filed, having been created by subsequent tax statutes. The grounds asserted in No. 193 for the recovery of 1937 taxes were identical to those sustaining its claim for 1939 taxes.

Robert T. Barton, Jr., Richmond, Va., for plaintiffs.

Robert R. Reynolds, Department of Justice, Washington, D. C., George R. Humrickhouse, United States Attorney, Richmond, Va., for defendant.

BRYAN, District Judge.

The plaintiffs have moved the Court, under rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to be relieved of a final judgment entered in this case on November 20, 1947, D.C., 77 F. Supp. 273. The motion is opposed by the United States as unauthorized and tardy. Omitting impertinent parts, the Rule, as amended, reads: "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has

The two cases were heard together and this Court gave its opinion that, for the reasons pleaded in No. 193, the plaintiffs were entitled to recover for both of the years 1937 and 1939. It was of the opinion too that the plaintiffs were, for other reasons entitled to recover their entire claim in No. 354, which included the item of 1937 taxes amounting to $2,836.77. The result was that in both cases the plaintiffs were found entitled to a refund of 1937 taxes in the sum of $2,836.77.

A judgment in each case was entered on November 20, 1947. However, the item of $2,836.77 for 1937 taxes was not included in the judgment in No. 193, and that judgment provided only for the recovery of 1939 taxes of $438.17, inasmuch as the 1937 item was embraced in the judgment entered in No. 354.

Both cases were appealed, but by stipulation dated February 16, 1948, the appeal in No. 193 was discontinued, and the United States paid the judgment of $438.17. This is the judgment now prayed to be set aside, because of its failure to grant recovery of the 1937 taxes of $2,836.77. The necessity for the present motion will immediately appear. On the appeal of No. 354 the judgment was reversed and vacated. U. S. v. Riely, 4 Cir., 169 F.2d 542. The mandate of the Court of Appeals was sent down on the 17th day of August, 1948, and certiorari was denied by the Supreme Court on the 17th day of January, 1949, 335 U.S. 908, 69 S.Ct. 411. Thus, the plaintiffs argue, they have been deprived, without fault on their part, of the recovery of 1937 taxes whereas the Court has held them entitled thereto.

The contention of the plaintiffs is that the judgment in the instant case, No. 193, should be set aside in toto, upon their return of the money paid them by the United States and, after further hearing, a new judgment should be entered for the amount of the two years' taxes originally claimed in the suit. In other words, the burden of the plaintiffs is that they be relieved from the operation of the judgment denying, by omission, their claim for 1937 taxes. They point to subsection (6) of Rule 60(b) affording the remedy for "any other reason justifying relief from the operation of the judgment."

The position of the United States is that there is no warrant in law for the relief sought, and furthermore, if cognizable at all the omission in the judgment was "mistake, inadvertence, * * * or excusable neglect" under subsection (1) of Rule 60(b), and that the plaintiffs are barred by its one-year limitation. The United States argues that the plaintiffs could have taken judgment for 1937 taxes in both cases, avoiding a duplication of recovery by inserting a proviso to that effect in each judgment.

The plaintiffs' rejoinder is that the omission was not inadvertent or neglectful, but was deliberate, that there could not have been two judgments for the same amount, that the judgments could not have been made conditional, as they were to be entered in independent actions, and that the Court could not have allowed judgments in any other sum.

The Court is of the opinion that the plaintiffs have proceeded "within a reasonable time" as required by the Rule. While the judgment now challenged was entered November 20, 1947, certiorari was not denied by the Supreme Court in No. 354 until the 17th day of January, 1949. On March 8, 1949, the plaintiffs moved, in No. 193, for an additional judgment in the sum of $2,836.77, under Rule 54(b). That motion was denied by the Court for reasons stated in its letter to counsel under date of April 21, 1949. If granted, the United States would have had no opportunity for further contesting, by appeal, the tax claim for the other year involved, and conceivably it dismissed its original appeal because of the small amount involved. The order denying the motion was passed May 28, 1949, and the plaintiffs presented the motion now under consideration on June 6, 1949.

Moreover, we think the plaintiffs are not barred by the one-year limitation, for the reason that the omission here does not come within the enumeration included in subsection (1) of 60(b). The omission was advised and purposed. Undoubtedly it was the course of fair dealing with the United States. We think that subsection (6) governs here, and also that the ground now urged for relief is not one mentioned in the other subsections of Rule 60(b). The plaintiffs have certainly presented a "reason justifying relief from the operation of the judgment." It is to be noted that the grievance here springs from the "operation" of the judgment of November 20, 1947, in that, the judgment effects the exclusion of 1937 taxes. Indeed, the relief here asked might well be predicated on subsection (5). The challenged judgment, insofar as it intentionally omitted recovery for 1937 taxes, was based on another judgment, to wit, the judgment in No. 354, and the latter has been reversed.

To deny the present motion would result in injustice. On presentation an order will be entered setting aside the judgment entered in this case on November 20, 1947,

and reopening the entire cause for hearing, after the return to the United States of the moneys paid by it to the plaintiffs in satisfaction of that judgment.