**L. M. LEATHERS' SONS (a partnership), Plaintiff,**

v.

**Maurice GOLDMAN, an individual, and Maurice Goldman, doing business as and under the firm name and style of Goldman Manufacturing Company, Defendants.**

**Civ. A. No. 12841.**

United States District Court
E. D. Michigan, S. D.
Dec. 19, 1956.

Francis C. Browne, Mead, Browne, Schuyler & Beveridge, Washington, D.

C., Arthur C. Beaumont, Whittemore, Hulbert & Belknap, Detroit, Mich., for plaintiff.

Bernard J. Cantor, Cullen & Cantor, Detroit, Mich., for defendants.

LEVIN, District Judge.

The plaintiff brings this action against Goldman for infringement of the Tufts Patent No. 2,590,738, issued March 25, 1952. Plaintiff acquired the patent by assignment.

The alleged invention here is a "Slip Resistant Pants Guard for Coat Hangers." The claim of the patent is on the application of a "film of non-sticky, permanently tacky latex material" to a conventional cardboard pants guard "to resist free sliding of a garment hanging thereon." The plaintiff does not claim invention of the pants guard (see Zetlin No. 1,987,174, issued January 8, 1935) nor of the latex. He also makes no claim of discovering the idea of slip-resistant pants guards (see Zetlin, supra), nor of the use of latex as a slip-resistant material. (See Hansen, No. 2,120,406, issued June 14, 1938.) These devices and ideas are old and well known to the art. The sole claim by plaintiff is on the application of latex to the pants guard.

 There is nothing in the Tufts combination which contains the ingredients of an invention. Pants guards and, indeed, slip-resistant pants guards are old. Even the idea of using a tacky surface of a rubber material to prevent slippage of garments on hangers was anticipated by the Levine Patent No. 2,-458,997 issued January 11, 1949. The Tufts device differs from Levine only in the use of the material to prevent slippage of pants, rather than coats or skirts. A new combination of elements which are "clearly within routine mechanical skill" does not "rise to the dignity of invention." Buffalo-Springfield Roller Co. v. Galion Iron Works Mfg. Co., 6 Cir., 1954, 215 F.2d 686, 687. I am not unmindful that plaintiff's device has received wide public acceptance but commercial success cannot cure the defect of lack of invention. If authorities need be cited see Rice v. Nash-Kelvinator Corp., 6 Cir., 1954, 150 F.2d 457.

An order will be entered dimissing the complaint.