252 F.2d 188
 116 U.S.P.Q. 219
 L. M. LEATHERS' SONS (a partnership), Appellant,
v.
Maurice GOLDMAN, an individual and Maurice Goldman, d/b/a
and under the firm name and style of Goldman
Manufacturing Company, Appellee.
 No. 13180.
 United States Court of Appeals Sixth Circuit.
 Feb. 6, 1958.
 
 Francis C. Browne, Washington, D.C. (Arthur C. Beaumont, Detroit, Mich., on the brief), for appellant.
 Bernard J. Cantor and Daniel G. Cullen, of Cullen & Cantor, Detroit, Mich., for appellees.
 Before SIMONS, Chief Judge, and MILLER and STEWART, Circuit Judges.
 SHACKELFORD MILLER, Jr., Circuit Judge.
 
 
 1
 The appellant is the owner of Tufts Patent No. 2,590,738 issued March 25, 1952, described as a 'Slip-Resistant Pants Guard for Coat Hangers.' In the use of wire coat hangers the horizontal bar over which trousers or a skirt is folded causes a crease in the material of the folded garment. In addition to the crease, there exists the problem of preventing the garment from sliding on the bar, either longitudinally or transversely to it. If the sliding is transverse the garment falls from the hanger; if longitudinal the garment is left wrinkled where its creased edges encounter the bend of the hanger. Different types of pants guard on the horizontal bar have been used to eliminate the problem. The patent application states that none of these have proved to be completely satisfactory from the standpoint of function, application and economy. The single claim of the patent is for an article of manufacture and sale comprising an improved 'pants grard' having 'a film of non-sticky, permanently tacky latex material covering a sufficient area of the upper garment-contacting surface of the body (of the guard) to resist free sliding of a garment hanging thereon.'
 
 
 2
 Appellant brought this action on August 21, 1953, against appellee for infringement. Appellee by answer denied the validity of the patent and also infringement. The appellee also filed a counter-claim for a declaratory judgment holding the patent invalid and that there was no infringement.
 
 
 3
 On April 6, 1954, the parties entered into an agreement by which appellant agreed to give appellee a free, non-exclusive, irrevocable license under the patent-in-suit in return for appellee's dismissal of its declaratory judgment counterclaim and stipulation of a consent judgment and injunction. Judgment was entered on April 26, 1954, pursuant to the stipulation, adjudging the patent valid and infringed, and an injunction was issued pursuant to the judgment on April 28, 1954. However, no license was ever issued to appellee, nor has appellee ever filed suit to compel specific performance under the contract.
 
 
 4
 Thereafter, appellant began notifying appellee's trade that appellee was not a licensee, that appellee was violating the court injunction and that those customers who chose to buy nonskid trouser guards from the appellee did so at their peril. In May 1955, appellant filed a patent infringement suit in the District Court in Cincinnati, Ohio, against appellee's largest distributor, Sigmund Sachs of Cincinnati.
 
 
 5
 On June 14, 1955, appellee filed its motion in the present suit which, as revised on November 4, 1955, asked that the court (1) enjoin appellant from prosecuting the suit against Sachs, (2) enjoin appellant from harassing appellee's customers, potential customers and distributors, and (3) in the alternative, to set aside its injunction and judgment entered April 26, 1954, and to set an immediate trial of the action. Appellant stated in its brief of August 1, 1955, 'Leathers consents to the granting of the motion to set aside the injunction and judgment and hereby stipulates that it may be set aside,' reserving the right, however, to proceed against Sachs for any acts of infringement involving the manufacture or sale of infringing articles which had not been obtained by purchase from the appellee. In its brief of November 11, 1955, appellant incorporated by reference its brief of August 1, 1955. However, by brief of November 14, 1955, appellant argued, without mention of the 'stipulation' in the earlier beief, that the consent decree should not be set aside and that Rule 60, Rules of Civil Procedure, 28 U.S.C.A., did not authorize such action. The District Court was of the opinion that in the interest of justice the consent judgment of April 26, 1954, and the accompanying injunction should be set aside because of the obvious confusion as to the intention of the parties in connection with the stipulation of April 26, 1954, pursuant to which the judgment was entered. On February 15, 1956, an order was entered to that effect which also directed that the action be set for early trial.
 
 
 6
 Following a trial, the District Judge ruled that there was nothing in the Tufts combination which contained the ingredients of an invention and entered an order dismissing the complaint. The court's opinion is reported at L. M. Leathers' Sons v. Maurice Goldman, etc., D.C., 148 F.Supp. 183.
 
 
 7
 Appellant contends that the District Court erred in setting aside the consent judgment and injunction more than a year and a half after entry of the judgment and service of the injunction and thereafter compelling a trial on the merits. Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207. Rule 60(b), Rules of Civil Procedure, provides that the court may relieve a party from a final judgment for certain enumerated reasons, one of which 60(b)(6), is 'any other reason justifying relief from the operation of the judgment.' With respect to some of the reasons the motion must be made not more than one year after the judgment, but with respect to 60(b)(6) it must be made within a reasonable time. Appellant argues that the proper procedure was not to set aside the judgment but to recognize the judgment as agreed to by the parties, in which event appellee would have the right to proceed against the appellant under the contract upon which the judgment was based, obligating appellant to grant appellee a free irrevocable license. Rule 60(b)(6) vests power in the court to enable them to vacate judgments whenever such action is appropriate to accomplish justice. Klapprott v. United States, 335 U.S. 601, 614-615, 69 S.Ct. 384, 93 L.Ed. 266. We are of the opinion that the action taken by the District Judge was more in furtherance of justice between the parties than that urged upon us by appellant. The entry of the consent judgment was obtained by the promise that it would grant appellee a free license. The refusal on the part of the appellant to carry out its part of the contract by which the judgment was obtained fully justified the Court in taking appropriate action to restore the parties to their status quo prior to the execution of the agreement. United States v. Jordan, 6 Cir., 186 F.2d 803, 805-806, affirmed 342 U.S. 911, 72 S.Ct. 305, 96 L.Ed. 682. Such action lies within the discretion of the trial judge. We find no merit in appellant's contention that the District Judge abused its discretion in so doing. To inquire into and determine through adversary proceedings the validity of the patent was in keeping with the 'better practice' rule approved by the Supreme Court. Sinclair & Carroll Co., Inc., v. Interchemical Corp., 325 U.S. 327, 330, 65 S.Ct. 1143, 89 L.Ed. 1644.
 
 
 8
 Considering the validity of the patent, it is clear that it embodied the concept of providing a slide-resisting surface for a trouser guard so that garments would not slip off the hanger. To accomplish this purpose the inventor confined his claim to latex. Tufts did not invent the trouser guard. He did not invent latex. There were numerous known uses of rubber or latex as a nonskid expedient, such as on handles of implements, tennis rackets, and golf clubs, under rugs, and on bases of household articles. But, prior to the application for the patent-in-suit, latex had never been used in the attempt to provide slip-resistant trouser guards.
 
 
 9
 The appellee argues that the Tufts patent should be held invalid as a combination of known elements which produced no new functions or results. Lincoln Engineering Co. v. Stewart Warner Corporation, 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008; Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162. The appellant vigorously contends that the patent does not fall within that rule in that the application of latex to a pants guard was a new combination not before conceived of by those skilled in the art of trouser guard manufacture, which constituted invention.
 
 
 10
 Even if not within the rule of the Lincoln Engineering Co. and Great Atlantic & Pacific Tea Co. cases, the Tufts patent in our opinion was fully anticipated by the prior art and clearly lacking in invention. The District Judge referred to Zetlin, No. 1,987,174, issued January 8, 1935, and Hansen, No. 2,120,406, issued June 14, 1938. Zetlin relates to garment hangers and particularly to a guard for pants hangers. It discloses a nonskid coating to prevent a garment from slipping. It does not specify latex but states 'roughen the top of the attachment by surface coating or other appropriate means,' thus leaving it open to select the particular coating which is most suitable. Tufts listed many alternatives in his patent from which the selection of a nonskid coating could be made but used latex in his claim, after consulting a chemist at the University of Georgia to find out which nonskid coating was best commercially. Hansen relates to a rubber glove used to prevent wet dishes from slipping from the hands.
 
 
 11
 A patent may not be obtained if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Section 103, Title 35, U.S.Code; Stanley Works v. Rockwell Mfg. Co., 3 Cir., 203 F.2d 846, 849. We are of the opinion that appellant's application fell within this restriction and that the Tufts device did not constitute invention. Patrol Valve Co. v. Robertshaw-Fulton Controls Co., 6 Cir., 210 F.2d 146, 148-149; Bobertz v. General Motors Corp., 6 Cir., 228 F.2d 94, certiorari denied, 352 U.S. 824, 77 S.Ct. 32, 1 L.Ed.2d 47; Detroit Gasket & Mfg. Co. v. Victor Mfg. & Gasket Co., 7 Cir., 114 F.2d 868, 872.
 
 
 12
 It is true that the Tufts device at once enjoyed great commercial success, apparently filling a long felt want in the trade. But commercial success without invention will not make patentability. Atlantic & Pacific Tea Co., supra, 340 U.S. 147, 153, 71 S.Ct. 127; Rice v. Nash-Kelvinator Corp., 6 Cir., 150 F.2d 457, 459.
 
 
 13
 The judgment is affirmed.