**Donald A. BELDEN et al., Appellants,**

v.

**AIR CONTROL PRODUCTS, Inc.,**
**Appellee.**

**No. 13033.**

United States Court of Appeals
Sixth Circuit.

Nov. 27, 1957.

Peter P. Price (of Price & Heneveld), Grand Rapids, Mich., for appellants.

Austin A. Webb, Kalamazoo, Mich., Otis A. Earl (of Earl & Webb), Kalamazoo, Mich., for appellee.

Before SIMONS, Chief Judge, and MILLER and STEWART, Circuit Judges.

SIMONS, Chief Judge.

In this patent suit involving the validity and infringement of U. S. Letters Patent 2,458,134, issued January 4, 1949 to Clark D. Belden, the district judge held all three of the claims invalid, on a number of grounds, without deciding the issue of infringement, and supported his ruling by an exhaustive and scholarly opinion applying recognized principles of the patent law. We refrain from repeating much therein contained because it is fully reported in 144 F.Supp. 248.

Since the all-embracing ground of the court's decision applies the principle that a patent is invalid unless the quality of invention is disclosed by the evidence and the claims in suit, and we agree with the court's conclusion in that respect, its determination must be affirmed. We find it necessary, however, in order to give precision to our affirmance, to discuss briefly some of the generalizations drawn by the court from adjudicated cases, so that our holding may not be erroneously interpreted.

The Belden patent relates to a triangular ventilator, designed to be installed at the very peak of gables in houses or other structures, and consists of a triangular framework of two straight side members and a horizontal bottom member with pivotal connection at the upper end of the side frame members and a series of louver slats of longitudinally slidable or telescopic construction allowing variation in their lengths so as to permit adjustment or variation of the shape of the triangular framework to register with the pitch of the gable, and pivoted connections between the ends of the louver slats with the side frame members. One outstanding advantage of this type of ventilator construction is said by the patentee to permit the ventilator to be placed higher up in the attic, resulting in a considerable saving in time, labor, and expense in installation.

It is urged upon us that the heart of every invention is the conception; that Belden conceived the idea of making the apex of a triangular ventilator articulate by bringing the side frame members together in a hinged connection and conceiving the idea of securing the louvers to the side members by hinge fasteners, making it possible to change the angular relationship between the louvers and the side frame members and, so, was the first inventor to discard the idea that a triangular ventilator must be static in structure, with the result that this conception was an entirely new ventilator.

In approaching the question of patentability, the late Judge Denison of this court, in Reo Motor Car Co. v. Gear Grinding Machine Co., 6 Cir., 42 F.2d 965, at page 968, reasoned thus of the relationship between concept and its materialization, in speaking of a method: "The improver must first conceive, in a general way, the method or plan of such grinding, and must then devise means for effectively and sufficiently maintaining the grinding shape. Until this can be done, the conception is not an invention, because it is useless. When, however, the method is reduced to practice so that its utility is demonstrated, the method becomes a patentable invention, *as the means also may be; * * *.*"

Granted that Belden had a meritorious concept, that the adjustability of a V-shaped ventilator achieved certain advantages, we turn to the means by which his concept is claimed to have been vitalized. He concedes that all the elements of his structure were old and well known in the art and in the briefs on his behalf it is asserted that Belden does not claim to have invented the use of a hinge to articulate a joint, nor of making attic ventilators triangular in shape, nor of mounting an attic ventilator at the peak of the gable, nor of providing ventilation of attic spaces, nor of the use of telescoping louvers. It is, moreover, asserted that the case for validity is not only based upon the statutory presumption, since the invention involves a structural organization and an inter-relationship of the component parts previously unknown. It is conceded that while the prior art does not specifically show it, it was well known that the bringing together of the ends of two members to form a V in a structural relationship, permitting the members to rotate about the point of juncture, will create a hinge.

But all of these expedients were either disclosed by the prior art or were conventional devices common to machines and construction practices. Even so, the question would still remain whether there was invention in coordinating them into a new structure; in other words, whether the result constituted a true combination or a mere aggregation. The opinion below seems to suggest that an accumulation of known elements may never constitute invention. If this were so, undoubtedly, many valuable patents in the machine or structural arts would be without validity. No controlling decision goes that far. The most that has been said is that, "courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements." Great Atlantic & Pacific Tea Co. v. Supermarket

Equipment Corporation, 340 U.S. 147, 150, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162. Here, undoubtedly, the result achieved by Belden was foreshadowed by prior art, as exemplified in the cases discussed by the district judge, and while the structure may or may not have been a true combination, it was not invention.

 Our principal trouble with the reasoning below is with the bald conclusion that adjustability does not constitute invention and that no inventive novelty may be attributed to the fact that the structure is adjustable. While there are decisions which nakedly affirm this principle in phrasing similar to that adopted by the district judge, we think the formula is not an absolute. It will be noted in Judge Denison's observation in Reo Motor Car Co. v. Gear Grinding Machine Co., supra, that not only may a new method become a patentable invention but "the means also may be." We had occasion to consider the limits within which the principle is applicable in Williams Manufacturing Co. v. United Shoe Machine Corporation, 6 Cir., 121 F.2d 273, at page 278, wherein we said: "We pointed out in Detroit Stoker Co. v. Brownell Co., supra [6 Cir., 89 F.2d 422], that while addition of adjustability alone to a machine or an element thereof which entails no exercise of the inventive faculty will not rise to the dignity of invention, there are patents wherein provisions for adjustability are not only novel but disclose the highest type of inventive thought and solve problems which long defied workers in the art." The classic decision upon this point is, however, that of Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 43 S.Ct. 322, 330, 67 L.Ed. 523. There was involved a patent which taught the changing of the pitch of the wire of the Fourdrinier paper making machine to increase its speed. In last analysis, an adjustment, but it revolutionized the paper making art and Chief Justice Taft, speaking for a unanimous court, said: "It was the discovery of the source not before known, and the application of the remedy, for which

Eibel was entitled to be rewarded in his patent." Adjustability was in the present patent the vitalizing purpose of Belden to the achievement of which each of his expedients was directed. We agree that all of them were well known in the arts and that no invention is disclosed by their combination.

Affirmed.