**CONTAINER CORPORATION OF AMERICA, a corporation, Appellant,**

v.

**M.C.S. CORPORATION, Appellee.**

**No. 15433.**

United States Court of Appeals
Ninth Circuit.

Dec. 5, 1957.

J. Calvin Brown, Los Angeles, Cal., Brown, Jackson, Boettcher & Dienner, Arthur H. Boettcher, Chicago, Ill., for appellant.

No appearance for appellee.

Before LEMMON, CHAMBERS and BARNES, Circuit Judges.

BARNES, Circuit Judge.

Plaintiff appeals from a judgment of the District Court holding plaintiff's patent in suit (No. 2,638,261) to be invalid. This patent discloses a Frozen Food Carton with Plastic Lid; i. e., a paper board

open top *carton*, having a lap-joint extending to the upper edge of the carton, and a *cover*, having a peripheral downwardly extending recess for engagement with the top of the carton with the recess being twice as wide at the lap-joint to fit the double thickness of the carton wall at that point, as created by the lap-joint. The court found the patented device constituted a combination of old elements, which combination could have been produced by any competent person reasonably skilled in the art, and hence was wanting in invention.

Appellant urges that the trial court interpreted the patent too narrowly; that the court gave weight to the Hill Patent (last patent, Defendant's Exhibit B) to which it was unentitled. But this is mere supposition on the part of appellant. The court said in its Findings:

"The Court is convinced that any reasonably competent person skilled in the art, if presented with the problem of providing a cover for a lap-jointed carton, could have produced what Poole produced and, in so doing, would not have gone beyond the simple skills known and practiced in the art."

Appellant concedes that such a view point is "a factor," but argues that the court failed to consider other features—first, the wide opening; second, the wider groove or recess within the cover; third, the square shape of the carton; fourth, the square shape of the cover; and fifth, the cover being made of a plastic material. The mere recital of these "features" raises the question of whether their existence in combination constitutes invention.

Merely because the trial court, in its opinion, emphasized the "problem" of providing a cover for a lap-jointed carton, does not mean the court failed to consider the other features urged by the appellant. The court found:

"7. The structure as claimed *in each and every claim of the patent in suit is wanting in invention.*" (Emphasis added.)

The appellant also urges that the testimony of the appellee's expert witness (the only one called as such)

" * * * leaves us with no course but to assume we are as able as he to understand the patent in suit, to gauge its scope, and to compare or contrast its substance with that of prior art."

We agree that "the art has no depths which necessitate a technical expert." And this means that the trial court's conclusion that there was no invention has even more weight than might exist in other patent cases where expert testimony is a requisite to an understanding of the patent.

Appellant further urges that of the six patents (other than Hill) in defendant's Exhibit B, two "were disposed of" in the patent office, the others were not there cited. It is well understood that the mere issuance of the patent is entitled to a certain amount of weight in determining invention,[1] but, of course, such action cannot be considered conclusive on the trier of fact.[2]

One of the further matters urged by appellant is the commercial success attained by the patented article. It should be noted in this regard that the original patented plastic carton cover (Plaintiff's Exhibit 17 and 18) had an arrow constructed within it, indicating the position of the one area where there was a wid-

---

1. 35 U.S.C.A. § 282; Westinghouse Electric & Manufacturing Co. v. Formica Insulation Co., 1924, 266 U.S. 342, 45 S.Ct. 117, 69 L.Ed. 316; Steffan v. Weber Heating & Sheet Metal Co., 8 Cir., 1956, 237 F.2d 601; Continental Farm Equipment Co. v. Love Tractor, Inc., 8 Cir., 1952, 199 F.2d 202; but see Douglas, J., concurring in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 154, 71 S.Ct. 127, 95 L.Ed. 162.

2. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra; Long v. Arkansas Foundry Co., D.C. Ark.1956, 137 F.Supp. 835; see Oriental Foods, Inc. v. Chun King Sales, Inc., 9 Cir., 1957, 244 F.2d 909.

ened portion of the peripheral groove, which accommodated the manufacturer's lap-joint when the cover was placed on the carton. 13,600,000 of this unit were sold in 1948 and 1949. Thereafter, to quote the appellant's brief, "a subsidiary modification came into being. * * * Plaintiff's Exhibit 20 and 21 illustrate the new type of carton * * * (with) the top of the glue flap of the manufacturer's joint * * * cut away at a 45 degree angle," and a new type of lid, with *four* instead of *one* peripheral recesses, with the recesses triangular rather than square in shape. (Plaintiff's Exhibit 20 and 21.) This new type sold 11,000,000 units in 1950; 12,500,000 in 1951; 16,600,000 in 1952; and 15,100,000 in 1953. A new patent was issued May 12, 1953 on the new carton and lid. It should be noted that *this is not the patent sued upon.* Thus the real commercial acceptance is of a different article than the patented article in suit.

■■ Commercial success should be taken into consideration by the trial court, and by this court, but it does not, without more, determine invention. "Commercial success without invention will not make patentability." [3]

Plaintiff's modified type of container and lid, says appellant, come under Claims 3, 4, 5 and 6. At the time of oral argument we understood that appellant took this position upon the ground that "the greater includes the lesser." The converse, however, is not true—the lesser does not include the greater. We read claims 3, 4, 5 and 6 as each referring to an increased width at one corner only,[4] and thus they cannot include the four recesses in the commercially accepted product.

■ In summary, this court has consistently held that the question of validity of a claim of a patent is one of fact. The trial judge's finding of no invention is entitled to great weight, and this court will respect such findings unless we find them "clearly erroneous." [5]

■ The findings of the trial judge are solidly supported by the evidence, and obviously are not "clearly errone-

3. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra.

4. Claim 3: "* * * having *at one corner a* lap joint * * * and a cover having a recess * * * said recess * * * being of increased width *at a corner* of said cover * * *." [Emphasis added.]
   Claim 4: "* * * having *at one corner* a lap joint, * * * and having an offset * * * at *a corner* * * *." [Emphasis added.]
   Claim 5: "* * * one of said flanges having an offset in its inner face *at one corner* of said cover * * *." [Emphasis added.]
   Claim 6: "* * * having *at one corner a* * * * lap joint," with a cover "having an offset *at a corner* of said cover to accommodate the lap joint * * *." [Emphasis added.]

5. Pertinent here is the language used by this Court in a recent case:
   "The findings of a judge upon novelty, utility and invention are entitled to great weight when made after trial of these issues. This Court will respect such findings unless the record shows these to be 'clearly erroneous.' The findings presented to us are impeccable as to wording and content, and the issue of invention is clearly raised. Stauffer relies upon certain expressions of the trial judge in the record to mean that the patented device was simple and that an ordinary mechanic, if faced with the problem, would have come up with a like solution and upon the statement that the judge could not see a great deal of similarity between the device in suit and the patented articles pleaded by Slenderella, although these had some things in common to challenge the decision. The formal findings have no such defect. The argument of appellant is that simplicity is the essence of invention. For this proposition, numbers of cases are cited. But there is a common fallacy here. So common, indeed, that the medieval logicians gave it a name. All inventions may involve simplicity. But simply because a device is simple does not prove that it involves invention." Stauffer v. Slenderella Systems of California, Inc., 9 Cir., 1957, —— F.2d ——. See also, Oriental Foods. Inc. v. Chun King Sales, Inc., supra; Hall v. Wright, 9 Cir., 1957, 240 F.2d 787; cf. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra.

ous." It is our clear conviction that the device patented "relates to a combination of old elements, which combination could have been produced by any reasonably competent person skilled in the art."

The judgment is affirmed.