**William E. BARROTT, Sr., and William E. Barrott, Jr., Plaintiffs,**

v.

**DRAKE CASKET COMPANY, a Michigan corporation, Defendant.**

Civ A. No. 3284.

United States District Court
W. D. Michigan, S. D.

Sept. 16, 1960.

Wood, Herron & Evans, Truman A. Herron, Herbert C. Brinkman, Jr., Cincinnati, Ohio, for plaintiffs.

Earl & Webb, Otis A. Earl, Austin A. Webb, Kalamazoo, Mich., for defendant.

STARR, Chief Judge.

The plaintiffs as owners of United States patent No. 2,593,717 issued April 22, 1952, and reissue patent No. 23,718 issued September 29, 1953, for improvements in a "casket carrying truck," filed complaint alleging infringement of said patents by the defendant company. They asked for an injunction against further infringement of their reissue patent and for damages and costs of suit. The defendant answered, alleging invalidity of the patents because of prior-art anticipation and lack of invention and denying infringement.

In support of its claim of invalidity of patent because of prior-art anticipation and lack of invention, defendant cites the following patents, which were not considered by the Patent Office: Schrottky 1,280,090 issued September 24, 1918; Heise 1,628,880 issued May 17, 1927; Troell 1,919,608 issued July 25, 1933; Richter 2,110,239 issued March 8, 1938; Van Blarcom 2,200,436 issued May 14, 1940; Howland 2,236,317 issued March 25, 1941; Pringle 2,405,054 issued July 30, 1946; Pride 2,421,128 issued May 27, 1947; Pride 2,459,045 issued January 11, 1949; Snow 2,497,474 issued February 14, 1950; Satsky 2,530,341 issued November 14, 1950; Woodward 2,553,-156 issued May 5, 1951.

In further support of its claim of invalidity of patent because of prior-art anticipation and lack of invention, defendant also cites the following patents, which were considered by the Patent Office: Abbey 758,493 issued April 26, 1904; Erickson 2,146,533 issued February 7, 1939; Swanson 2,158,596 issued May 16, 1939; Onstott 2,301,639 issued November 10, 1942; Pearlman 2,442,549 issued June 1, 1948; Kappen 2,521,727 issued September 12, 1950; Black 2,635,-771 issued April 21, 1953.

The truck body described in plaintiffs' patents and the defendant's accused truck body are both designed as improvements in a truck body with hoist device for the elevating, lowering, and handling of caskets and other heavy objects and their storage on supporting rails or racks in the truck body. The specifications of reissue patent 23,718 provide in part:

"This invention comprises novel and useful improvements in a casket carrier and more specifically pertains to an improved truck body and hoist construction specifically adapted for the efficacious elevating and lowering of *caskets or other objects* for storing the same on racks in truck bodies and the like.

"The primary object of this invention is to provide an improved construction of hoist specifically adapted to facilitate the *handling of heavy objects such as caskets,* and particularly for raising and lowering the same to enable their position upon or their removal from a rack assembly provided in a truck body. * * *

"More generally, it is a prime object of the invention to provide a rack and hoist construction for trucks whereby *heavy objects* may be raised and lowered, stored upon the rack assembly or withdrawn therefrom with a minimum of effort and with a minimum expenditure of labor. * * *

"It is to be here understood that although the principles of this invention have been shown as applied to a truck body specifically adapted for the handling, storage and transportation of *coffin caskets or the like,* and this body is specifically designed to permit the most efficient utilization of the entire volume of the body for storing and handling a maximum number of caskets therein, that the invention is likewise applicable to any other truck body and especially one provided with rack assemblies on which relatively *heavy objects* are adapted to be mounted and transported." (Emphasis added.)

■ The specifications explain the purpose and the construction of a truck body under the plaintiffs' reissue patent, and the question of its validity must be determined from the claims as explained in the specifications. General Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402. Plaintiffs claim infringement of claims 6, 7, 8, and 9 of their reissue patent. Claims 6 and 9, which are reasonably illustrative of all claims, read as follows:

"6. In a truck or trailer body having opposed side walls and a rearward opening, a series of vertically spaced horizontal support rails mounted in pairs along the respective body side walls, said rails being generally coextensive with the length of said side walls but terminating forward of said rearward opening, said rails being adapted to engage the ends of caskets and to support the same in rows one above the other during transportation, vertical guide means on each side of the body, said guide means being disposed in the space intervening between the rearward ends of the support rails and said rearward opening, a pair of horizontal elevator rails, one on each side of the body, each rail being interconnected to a guide means, means for vertically moving said elevator rails on the guide means to positions selectively registrable with each of the support rails and means for synchronizing the vertical movement of said elevator rails, said last named means being associated with said body but being sufficiently remote from the areas immediately to the rear of said rows of caskets that the loading and unloading of caskets onto and from said support rails is not impeded by said means."

"9. In a truck or trailer body for transporting uncrated caskets, said body having opposed side walls and a rearward opening, a series of vertically spaced and horizontally disposed pairs of support rails, the support rails of each pair mounted opposite one another on the inner sides of the side walls of said body, said rails being generally co-extensive with the length of said body but terminating forward of said rearward opening, the respective rails of each pair being adapted to engage the opposite ends of caskets to support said caskets, elevator guides disposed vertically along the side walls of said body adjacent said rearward opening, a pair of horizontal elevator rails, said elevator rails being structurally independent of one another, each elevator rail being slidably engaged with an elevator guide and adapted to support an end of a casket, hoisting mechanism operatively connected to said elevator rails, said hoisting mechanism being adapted to move the respective elevator rails vertically along said elevator guides to positions in which said elevator rails are selectively registrable with each pair of said sup-

port rails, and means for synchronizing the vertical movement of said elevator rails, the last named means being removed sufficiently from said support rails so that the rearward body opening is not obstructed thereby to interfere with loading and unloading of caskets onto and from said support rails."

The plaintiffs, who are patentees of the patent in suit, are respectively the president and vice president of Aurora Casket Company of Aurora, Indiana, a manufacturer of burial caskets. The defendant is likewise a manufacturer of burial caskets at Constantine, Michigan. In their complaint in this action plaintiffs allege:

"2. On April 22, 1952, Letters Patent of the United States No. 2,593,717 were duly and legally issued to plaintiffs, jointly, by the Commissioner of Patents upon an application Serial Number 152,084 theretofore filed by plaintiffs in the United States Patent Office on March 27, 1950.

"3. Promptly upon discovering that, through inadvertence, accident or mistake, and without any deceptive intent, said Letters Patent No. 2,593,717 were wholly or partly inoperative properly to protect the invention disclosed therein, by reason of the patentees claiming less than they had a right to claim therein, and within one year next following the issuance thereof, plaintiffs filed in the United States Patent Office, on March 23, 1953, their application Serial Number 344,262 for reissue of said Letters Patent, concurrently surrendering said Letters Patent No. 2,593,717; and, on September 29, 1953, Reissue Letters Patent of the United States No. 23,718 were duly and legally issued to plaintiffs, jointly, by the Commissioner of Patents; and since that date plaintiffs have been, and still are, joint owners of said Reissue Letters Patent No. 23,718."

The plaintiffs' reissue patent 23,718 provides for a series of vertically spaced horizontal support rails or racks secured to the inside walls of a truck body, such rails terminating inside the body and forward of the rear door or opening and being adapted to engage the ends of caskets or other heavy objects and to support them in rows, one above the other, during transportation. It provides for a pair of vertically disposed channeled elevator guide rails on each side of the truck body, mounted rigidly on the inside of the truck walls between the rear opening and the stationary support rails. At the upper and lower ends of each pair of elevator guide rails there is a horizontally disposed shaft with a pulley or sprocket wheel at each end. The patent further provides for a pair of structurally independent, relatively short, horizontal elevator rails adjacent the open end of the body, with guides slidably operating in the guide rails, and being adapted to support the ends of caskets or other heavy objects. It provides for the raising and lowering of the elevator rails by means of an arrangement of pulleys or sprocket wheels and chains actuated by the manual rotation of a hand crank attached to one of the lower shafts and mounted outside the truck body, the movement of the elevator rails being synchronized by means of sprocket wheels on the outer extremities of the two upper horizontal shafts and a connecting chain. In actual operation a casket or heavy object is placed on the elevator rails and the hand crank is turned to elevate the rails until they are aligned with the desired stationary support rails in the truck body. The casket or heavy object is then slid from the elevator rails on to the support rails. When the casket or heavy object is to be unloaded, the process is simply reversed. It should be kept in mind that although the preferred application of the plaintiffs' patent is to burial caskets, it nevertheless, by the express wording of the claims and specifications, applies to and includes the loading, unloading, and handling of any heavy objects in truck bodies, including caskets.

The defendant's accused truck body contains horizontally spaced support rails or racks secured to the inside of the truck body and elevator guide rails substantially similar to that described in plaintiffs' patent. However, defendant's support rails extend substantially to the rear door or opening of the body, and the elevator rails and elevating mechanism are located outside the rear opening of the truck body and are so constructed that they can be moved and swung inside the body to permit the closing of the rear door. When the elevating mechanism of the accused truck body is to be operated, a removable crossbar is engaged with and extends between the two elevator rails to hold them in spaced operative relation.

The questions presented for determination by the court are: (1) Is plaintiffs' reissue patent 23,718 valid and (2) if valid, are claims 6, 7, 8, and 9 infringed? Title 35 U.S.C.A. § 282, provides: "A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest upon a party asserting it." Therefore, in the present action the plaintiffs' reissue patent 23,718 is presumed to be valid, and the burden is upon the defendant to establish by satisfactory and convincing evidence its claim of invalidity. Moon v. Cabot Shops, Inc., 9 Cir., 270 F.2d 539; Georgia-Pacific Corporation v. United States Plywood Corporation, 2 Cir., 258 F.2d 124; Cold Metal Process Company v. Republic Steel Corporation, 6 Cir., 233 F.2d 828; General Motors Corp. v. Estate Stove Co., 6 Cir., 203 F.2d 912, 914 (on rehearing). However, the presumption of validity is rebuttable, and the defendant cites certain prior-art patents that were not cited and apparently not considered by the examiner. There is no presumption of validity over pertinent features of the prior art which the examiner did not consider. Cornell v. Adams Engineering Company, 5 Cir., 258 F.2d 874, 875; O'Leary v. Liggett Drug Co., 6 Cir., 150 F.2d 656, 664, certiorari denied 326 U.S. 773, 66 S.Ct. 231, 232, 90 L.Ed. 467; Belden v. Air Control

Products, Inc., D.C., 144 F.Supp. 248, 253, affirmed 6 Cir., 249 F.2d 460. Plaintiffs as the patentees of the patent in suit are presumed to know of and are chargeable with knowledge of everything disclosed by the prior art in the field of truck-body construction and the elevating, lowering, and handling of heavy objects and their arrangement and assembly in a truck body, and also of all devices in that field which have been in prior public use. Zephyr American Corporation v. Bates Mfg. Co., 3 Cir., 128 F.2d 380; Detroit Stoker Co. v. Brownell Co., 6 Cir., 89 F.2d 422, 424; Belden v. Air Control Products, supra. In Butex Gas Co. v. Southern Steel Co., 5 Cir., 123 F.2d 954, 955, the court said: "The presumption of patentability which attends the grant of a patent cannot survive in the face of undisputed facts showing that there is no invention."

The Patent Act of 1952, 35 U.S.C.A. § 1 et seq., neither raised nor lowered the standard of invention and did not change the basic tests for determining patentability. Interstate Rubber Products Corp. v. Radiator Specialty Co., 4 Cir., 214 F.2d 546; General Motors Corp. v. Estate Stove Co., supra, 203 F.2d 912; Belden v. Air Control Products, supra, and authorities therein cited. Therefore, the court must determine whether the plaintiffs' reissue patent 23,718 constitutes invention within the meaning of the statute conferring patent monopoly. In their briefs the plaintiff patentees state that they combine old elements in the field of truck-body construction with one novel element, that is, a synchronizing member for synchronizing the movement of two structurally independent elevator rails. At the suggestion of counsel for the parties the court inspected a truck body embodying the parts and elements of plaintiffs' reissue patent, and also inspected the defendant's accused truck body, both of which were made available to the court in the course of the trial. From inspection of the plaintiffs' truck body and study of the prior art the court is convinced that their reissue patent 23,718 merely comprises

an accumulation and aggregation of old and well-known ideas, principles, and parts or equivalents, combined with some minor, unpatentable modifications or changes in construction and function, none of which in their separate functions or in their aggregate function represent invention within the meaning of the patent law.

■ To constitute patentable invention, an aggregation of old, unpatentable elements or parts or substituted equivalents must cooperate to produce a new, unobvious, and unexpected result. If invention is absent, mere utility and novelty are not alone sufficient to sustain the validity of a combination patent. In Stabler v. Bright Leaf Industries, Inc., 5 Cir., 261 F.2d 383, 385, the court said: "Inventions require close scrutiny lest patent monopolies be granted to 'each slight technological advance in an art' merely because it is useful. Cuno Engineering Corp. v. Automatic Devices Corp., 1941, 314 U.S. 84, 62 S.Ct. 37, 41, 86 L.Ed. 58." In Bede v. Baker & English, Inc., 6 Cir., 274 F.2d 833, 839, the court said:

"The combination of old parts or elements, in order to constitute a patentable invention, must perform or produce a new and different function or operation than that theretofore performed or produced by them; it is not sufficient that the combination be superior to what went before in producing a more convenient and more economical mechanism. General Motors Corp. v. Estate Stove Co., 6 Cir., 203 F.2d 912, 917.

"A claimed patent of a combination of old elements involving no new cooperative function and producing no new result other than convenience and economy is invalid. Grinnell Washing Machine Co. v. E. E. Johnson Co., 247 U.S. 426, 38 S.Ct. 547, 62 L.Ed. 1196."

In Buffalo-Springfield Roller Co. v. Galion Iron Works Mfg. Co., 6 Cir., 215 F.2d 686, 687, the court stated the test of patentability as follows:

"The patent law requires not only that the subject-matter of a patent must possess novelty and utility but must also demonstrate an exercise of the inventive faculty. Seymour v. Ford Motor Co., 6 Cir., 44 F.2d 306. The Court of Appeals of the Ninth Circuit has recently in Kwikset Locks, Inc., v. Hillgren, 9 Cir., 210 F.2d 483, 486, put it this way: 'Moreover, a truly inventive combination must create what had not before existed or bring to light what lay hidden from vision in a way which can be distinguished from "simple mechanical skill." A mere advance in efficiency and utility is not enough to convert a noninventive aggregation into a patentable combination.' "

In General Motors Corp. v. Estate Stove Co., supra, the court of appeals said, 203 F.2d 917:

"The combination of the old parts or elements, in order to constitute patentable invention, must perform or produce a new and different function or operation than that theretofore performed or produced by them. It is not sufficient that the combination be superior to what went before in producing a more convenient and economical mechanism. Grinnell Washing Machine Co. v. E. E. Johnson Co., 247 U.S. 426, 38 S.Ct. 547, 62 L.Ed. 1196. Where a patentee combines the best features of old structures without the disadvantages of any of them, resulting in a substantial improvement in performance over anything which had gone before, it must be found, in order to sustain the patent, that the increase of efficiency of the new combination is an ' "unusual or surprising" consequence of the unification'; McCord Corp. v. Beacon Auto Radiator Co., Inc., 1 Cir., 193 F.2d 985, 989; or yields some 'surprising or extraordinary result.' "

See also Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162;

290

Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58; Toledo Pressed Steel Co. v. Standard Parts, Inc., 307 U.S. 350, 59 S.Ct. 897, 83 L.Ed. 1334; Lincoln Engineering Co. of Illinois v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008. In the Great Atlantic & Pacific Tea Company case the court said at pages 150 and 152 of 340 U.S., at pages 129 and 130 of 71 S.Ct.:

"It is agreed that the key to patentability of a mechanical device that brings old factors into cooperation is presence or lack of invention. * * *

"Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. The function of a patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to subtract from former resources freely available to skilled artisans. A patent for a combination which only unites old elements with no change in their respective functions, * * * obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men. This patentee has added nothing to the total stock of knowledge, but has merely brought together segments of prior art and claims them in congregation as a monopoly."

See Halliburton Oil Well Cementing Co. v. Walker, 329 U.S. 1, 67 S.Ct. 6, 91 L.Ed. 3; Powder Power Tool Corporation v. Powder Actuated Tool Co., 7 Cir., 230 F.2d 409; Anderson v. Phoenix Products Co., 7 Cir., 226 F.2d 191; Hunter Douglas Corporation v. Lando Products, 9 Cir., 215 F.2d 372; Kobe, Inc., v. Dempsey Pump Co., 10 Cir., 198 F.2d 416.

■■■■■ As hereinbefore stated, the plaintiffs admit that the patent in suit embodies old elements with one new or novel element, that is, a device for synchronizing the movement of the two structurally independent elevator rails. It is generally recognized that the improvement of one element or part in a combination of old elements or parts does not entitle a patentee to a monopoly on the entire combination. Lincoln Engineering Co. of Illinois v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008; Bassick Mfg. Co. v. R. M. Hollingshead Co., 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251. The carrying forward or the extended application of an earlier idea or conception of another involving a change in form, proportion or degree, where the same work is performed in substantially the same way by substantially the same means although with better results, does not constitute invention. Advance in efficiency and utility is not sufficient to convert a noninventive aggregation of old elements and parts into a patentable combination. The transposition, integration or reallocation of old elements or parts does not amount to invention. Minor differences in design and construction of a patented device over the prior art, involving no new principle, do not constitute invention. L. M. Leathers' Sons v. Goldman, 6 Cir., 252 F.2d 188; Hunter Douglas Corporation v. Lando Products, 9 Cir., 215 F.2d 372, 375; Buffalo-Springfield Roller Co. v. Galion Iron Works Mfg. Co., supra, 215 F.2d 686; Cole v. Hughes Tool Co., 10 Cir., 215 F.2d 924; H. W. Gossard Co. v. Loeber's, Inc., 7 Cir., 114 F.2d 166, certiorari denied 312 U.S. 680, 61 S.Ct. 450, 85 L.Ed. 1119; Benjamin Electric Mfg. Co. v. Bright Light Reflector Co., Inc., 7 Cir., 111 F.2d 880; General Machinery Corp. v. Clearing Machine Corp., 7 Cir., 104 F.2d 553. The ingenious application of known principles to a known problem by the use of devices already known and understood to produce a predictable result does not amount to invention. Baum v. Jones & Laughlin Supply Co., 10 Cir., 233 F.2d 865; Hazeltine Corporation v. General Motors Corporation, 3 Cir., 131 F.2d 34, 39; Kellogg Switchboard & Supply Co.

v. Michigan Bell Telephone Co., 6 Cir., 99 F.2d 203, certiorari denied 308 U.S. 582, 60 S.Ct. 104, 84 L.Ed. 487; Perfect Circle Co. v. Hastings Mfg. Co., 6 Cir., 88 F.2d 813. In Hutchinson Mfg. Co. v. Mayrath, 10 Cir., 192 F.2d 110, 113, the court said:

"Where a patentee brings together old elements in a mechanism, involving no new principle, to produce an old result, although he produces a machine that is more efficient and hence more useful in the art, it is still the product of mechanical skill and not of invention."

In Wintermute v. Hermetic Seal Corporation, 3 Cir., 279 F.2d 60, involving the validity of a patent described as a moisture-proof housing for piezoelectric elements, the court said at page 62:

"We do not mean that the plaintiff has not produced a useful article, and we have carefully sought to avoid confusing simplicity with hindsight. But it is not enough that the claimed discovery is useful, or even that it is an improvement. It must show an inventive advance, and must differ from elements previously known in such a way that the subject would not have been obvious to one skilled in the art. Given the particular problem and the need for its solution, a skilled mechanic could draw upon his knowledge of the art to create the housing here involved, or one substantially like it, without the exercise of inventive faculty."

The fact that the plaintiffs' patent may produce a more efficient and more economical method of elevating, lowering, storing, and handling heavy objects, including caskets, in a truck body does not constitute invention within the meaning of the patent law. The Patent Act of 1952, 35 U.S.C.A. § 103, provides:

"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

The plaintiffs' patent in suit states: "The primary object of this invention is to provide an improved construction of hoist specifically adapted to facilitate *the handling of heavy objects such as caskets*, and particularly for raising and lowering the same to enable their position upon or their removal from a rack assembly provided in a truck body." In their application for the reissue patent the plaintiffs state: "It is to be here understood that although the principles of this invention have been shown as applied to a truck body specifically adapted for the handling, storage and transportation of coffin caskets or the like, * * the invention is likewise applicable to any other truck body and especially one provided with rack assemblies on which *relatively heavy objects* are adapted to be mounted and transported." Therefore, it is clear that the patent is not limited to the handling of caskets alone, but applies to the handling of any heavy objects, including caskets, and the elevating, lowering, and storage of the same on rails or racks in truck bodies. Hence, in determining the question as to the validity of plaintiffs' patent in suit, it must be considered as covering the handling of heavy objects in general, including caskets, and not as limited to caskets alone. In Mathews Conveyer Co. v. Palmer-Bee Co., 6 Cir., 135 F.2d 73, 89, the court said:

"Patentability cannot rest on the observation in a given device of a usefulness not before noticed; and the fact that a party did not in fact use his mechanism for a particular purpose, or even that he did not foresee that such purpose would be a useful one, is not material. * * Discovery of new uses for, or newly

observed functions of a device, well known in the mechanical or structural arts, is not patentable invention; Grand Rapids Refrigerator Co. v. Stevens, 6 Cir., 27 F.2d 243."

It is clear that the plaintiffs' patent comprises merely the accumulation and application of old and well-known ideas, concepts, and principles in the elevating, lowering, handling, and storage of heavy objects, including caskets, in truck bodies and other carriers. Furthermore, the principles used and applied in plaintiffs' patent are all recognized and shown in the prior art. The idea of vertically spaced support rails mounted along the inside walls of a truck body shown in plaintiffs' patent is disclosed and well illustrated in Erickson 2,146,533, Kappen 2,521,727, and Black 2,635,771. Those patents also illustrate the principle and means of elevating heavy objects to the level of support rails inside a truck body, the movement of the objects on to the supporting rails, and the lowering of the objects for removal. The concept of channeled elevator guide rails, posts or members at the opposite sides of a truck-body doorway or opening shown in plaintiffs' patent is illustrated and shown in Howland 2,236,317, Satsky 2,530,341, and Black 2,635,771. The use of a chain drive or hoisting cable to raise and lower the elevator rails or members in synchronized alignment is shown in Troell 1,919,608, Pride 2,421,128, Kappen 2,-521,727, and Black 2,635,771. Plaintiffs' patent provides for a hand crank mounted outside the truck body to provide power for the raising and lowering of the elevator rails in the guide rails. The application of power by the use of a hand crank, chain, and pulleys is too old to require discussion. Various other power means are shown in the prior art for raising and lowering objects to desired levels in a truck body. Heise 1,628,880, Troell 1,919,608, Erickson 2,146,533, Swanson 2,158,596, Van Blarcom 2,200,-436, Howland 2,236,317, and Pride 2,421,-128. The placing of the elevator rails and elevator means within a vehicle as shown in the plaintiffs' patent, rather than outside the vehicle, is shown in Swanson 2,158,596 and Black 2,635,771.

In summary, the basic principles and means for the elevating, lowering, and storage of heavy objects, including caskets, in a truck body shown in plaintiffs' patent are all well illustrated and shown in the prior art and have long been in common use. Plaintiffs' patent merely carries forward and applies old and well-known principles to the handling of caskets, and that is not invention. Seiberling Rubber Co. v. I. T. S. Co., 6 Cir., 134 F.2d 871, certiorari denied 320 U.S. 747, 64 S.Ct. 50, 88 L.Ed. 444; Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162. The plaintiffs' patent adds nothing to the stock of knowledge in the field of equipping truck bodies.

The testimony indicates that only about 10 per cent of the burial caskets manufactured in this country are transported in truck bodies equipped as provided in plaintiffs' patent. This limited commercial success, in the absence of invention, certainly does not entitle plaintiffs to a patent monopoly on the combination of old elements, parts or equivalents. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra; L. M. Leathers' Sons v. Goldman, 6 Cir., 252 F.2d 188; Container Corporation of America v. M. C. S. Corporation, 9 Cir., 250 F.2d 707, 709; Rice v. Nash-Kelvinator Corporation, 6 Cir., 150 F.2d 457, 459. To hold that the plaintiffs' reissue patent 23,718 for an improvement in truck bodies is valid, would in effect grant them a monopoly in the field of equipping truck bodies and trailers with means for the elevating, lowering, handling, and storage of any heavy objects. It is clear that defendant has overcome the presumption of validity of plaintiffs' reissue patent and has satisfactorily established its claim of invalidity.

For the reasons herein stated the court concludes that plaintiffs' reissue patent 23,718 does not represent invention within the meaning of the patent law and is therefore invalid. The question of infringement does not require considera-

tion, as an invalid patent cannot be infringed. In view of the court's conclusion other questions do not require consideration. A judgment will be entered determining all claims of plaintiffs' reissue patent 23,718 to be invalid. The defendant may recover court costs, but as a good-faith controversy is involved, costs of suit and attorney fees will not be allowed.

As the foregoing opinion sets forth the court's findings of fact and conclusions of law, separate findings and conclusions are not necessary. Rule 52(a), Federal Rules of Civil Procedure as amended, 28 U.S.C.A.; Western Pac. R. R. Corp. v. Western Pac. R. Co., 9 Cir., 197 F.2d 994, 1005; Perfect Circle Corporation v. Hastings Mfg. Co., D.C., 162 F.Supp. 777.