FREEMAN MANUFACTURING COMPANY, Plaintiff,

v.

FEDERAL DEPARTMENT STORES, INC., Defendant.

No. 19531.

United States District Court
E. D. Michigan, S. D.

June 27, 1961.

Clarence B. Zewadski, Franklin E. Quale, Whittemore, Hulbert & Belknap, Detroit, Mich., for plaintiff.

Richard E. Dibner, Harness, Dickey & Pierce, Detroit, Mich., for defendant, Federal Department Stores, Inc.

Albert J. Rosenthal, Golden, Wienshienk, Rosenthal & Mandel, New York City, for Charma, Inc.

Armand E. Lackenbach, New York City, for Materna-Line, Inc.

FREEMAN, District Judge.

This is an action for infringement of Letters Patent No. 2,854,006 issued to Cornelius J. Geimer on September 30, 1958, and presently owned by the plaintiff, Freeman Manufacturing Company. Pursuant to contracts between the defendant, Federal Department Stores, Inc. and the two manufacturers of the alleged infringing garments in question, the manufacturers, Materna-Line, Inc. and Charma, Inc., have assumed the defense in this case.

Plaintiff's patent relates to a maternity girdle consisting of a rear and side encircling unit and a lower front panel of flexible material commonly employed in the manufacture of girdles and of an upper front panel of material readily stretchable in two directions which covers the abdominal area of the wearer. In addition, the patent also provides for an inner abdomen supporting sling provided to give additional uplift as pregnancy progresses.

Of the seven claims of the patent, all but claims 2 and 5 are in issue in this case. Claim 1 is illustrative of all the claims in issue and provides as follows:

"In a maternity girdle or like garment, a body encircling structure free in its supporting and control action of tension lacings and the like, comprising a side and rear encircling unit of substantial area, an elastic front unit seamed to said first named unit and comprised of at least one upper panel of material readily stretchable horizontally and vertically, and a lower front panel seamed to said upper panel and fabricated of an elastic material substantially less yieldable than said upper panel, and an inner abdomen supporting sling having its ends secured to the garment and following the general contour of said front upper panel, said first named unit and said lower front panel being of like character as to lateral and longitudinal elasticity."

As stated in the specification and as repeatedly emphasized during the trial, the objects of the alleged invention are to provide an economical maternity garment which does not have tension lacings but is self-adjusting and capable of ex-

panding vertically and horizontally without exerting appreciable pressure, which provides uplift to the expanding abdomen of the pregnant wearer and which gives desired hip and thigh control. Invention is claimed on the basis of the allegedly novel and ingenious arrangement of panels of different type fabric which accomplishes the objectives mentioned above.

Both Materna-Line and Charma deny infringement and claim invalidity in the answer and in the counterclaim. In addition, Charma urges that plaintiff is not entitled to relief in this case because it lacks "clean hands". Since this equitable defense, if established, would be dispositive of the whole case, the Court will consider it at the outset.

## Clean Hands

■ It is the contention of Charma that plaintiff lacks clean hands because of alleged mismarking. More specifically, Charma alleges that plaintiff has indiscriminately marked its maternity garments with the number of the patent in suit and that in several cases the garments so marked do not come within the scope of the patent. (Plaintiff's exhibits 16, 17 and 18; defendant's exhibits C, D, E, F, GG and HH). Plaintiff admits with respect to some of these garments (defendant's exhibits C, D and E) that the marking was improper. However, the uncontroverted evidence with respect to the last mentioned exhibits is that such marking was done inadvertently and, further, that it was stopped when the mistake was recognized. With respect to the other exhibits, plaintiff denies improper marking.

With respect to all the exhibits introduced to show the alleged lack of clean hands by plaintiff, this Court is of the opinion that Charma has failed to establish the wrongful intent necessary to make the plaintiff chargeable with lack of clean hands. George v. Thucaky, D. C.1934, 9 F.Supp. 456.

## Validity

The starting point for a consideration of validity is 35 U.S.C.A. § 282 which provides as follows:

"A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest on a party asserting it."

■ This statutory burden has been defined as one that "must be sustained by satisfactory and convincing evidence" Barrott v. Drake Casket Co., D.C.Mich. 1960, 187 F.Supp. 284; Belden v. Air Control Products, D.C.Mich.1956, 144 F. Supp. 248, 253, affirmed 6 Cir., 1957, 249 F.2d 460, or as a "heavy burden of persuasion" which must be established by evidence of "more than a dubious preponderance". Gibson-Stewart Co. v. Wm. Bros Boiler & Mfg. Co., 6 Cir., 1959, 264 F.2d 776, 779.

■ The presumption and the corresponding burden on the defendant can be significantly affected by various factors including the prosecution history of the patent. Thus, it is well established that the presumption of validity is strengthened when the most pertinent art relied on by a defendant was before the Patent Office. Cold Metal Process Co. v. Republic Steel Corp., 6 Cir., 1956, 233 F.2d 828.

Throughout the trial and in the briefs, the defendant (i. e., both Materna and Charma) strongly urged that the presumption has been weakened in the present case because the most pertinent prior art was *not* before the Patent Examiner.

Plaintiff's patent discloses that it was allowed over the following prior art patents:

| 23,818 | Vrociu | Apr. 27, 1954 |
|---|---|---|
| 2,351,296 | Schubert | June 13, 1944 |
| 2,462,195 | Jacobson | Feb. 22, 1949 |
| 2,719,974 | Blatt | Oct. 11, 1955 |
| 2,763,009 | Blatt | Sept. 18, 1956 |
| 139,522 | Austria | Nov. 26, 1934 |

The file wrapper further shows that the examiner, as well as the patentee, regarded the Blatt patents particularly pertinent.

Blatt No. 2,719,974 relates to a panty girdle especially adapted to be worn during pregnancy. The girdle, as disclosed by that patent, essentially consists of a rear panel which partially extends around the sides and which is made of a comparatively light, soft fabric of elastic nature in only the horizontal direction; a lower front panel of heavier material (e. g., plisse) which is elastic only vertically, and an upper front panel of light, soft fabric which is elastic only vertically (C. 1, ls. 47–65).

Blatt 2,763,009 relates to an improved maternity panty in which the rear and side panel, made of a soft, light-weight material of only horizontal elasticity, extends fully around the body of the wearer in the lower portion and in which the horizontally elastic front panel extends over the entire abdominal region of the wearer. Vertical elasticity of the front panel is also provided by a particular method of joining the two panels of material. (C. 1, ls. 42–47; C. 2, ls. 1–11). In addition, the second Blatt patent discloses an inner abdominal sling designed to give uplift to the abdomen (C. 2, ls. 39–43).

As appears from the file wrapper of plaintiff's patent, the patentee succeeded in distinguishing the two Blatt patents principally on the basis of plaintiff's substitution of "two way stretch material" for the one way stretch materials employed by Blatt. Although the functional difference between Blatt and the garment disclosed by plaintiff's patent was not established in this case, plaintiff showed by uncontroverted evidence that its patented garment will give firm hip and thigh control, leaving the inference that Blatt does not have this desirable feature.

To show that the Patent Examiner did not consider the most pertinent prior art and to prove invalidity, the defendant put in evidence a total of 23 prior art patents (in addition to the 6 patents cited by the examiner) and 16 publications. Aside from showing some maternity girdles and panties, these prior art references range from corsets to garter supports and brassieres.

The printed publications consist mainly of pictures and drawings in various catalogues and trade magazines. Although several of the drawings show maternity garments of a design similar to plaintiff's girdle, none of the publications by text or otherwise disclose the nature of the materials. The Court is of the opinion that the printed publications are indefinite and are clearly less pertinent than the two Blatt patents considered by the Patent Examiner.

Of all the prior art patents cited by the defendant which were not made a reference by the Patent Examiner, the Collini patent No. 2,586,614, which was made a reference in the first Blatt patent, comes closest to the patent in suit.

The Collini patent relates to a maternity girdle consisting essentially of a predominantly vertically elastic front panel, two side panels of horizontal elasticity, a rear panel of predominantly vertical elasticity and lacings so arranged as to permit adjustment of the front panel as pregnancy progresses.

Comparing the Collini patent with the Blatt patents and with the patent in suit, it is apparent that a closer relationship exists between the Blatt patents and plaintiff's patent than exists between Collini and plaintiff's patent.

Pursuant to the above, the Court is of the opinion that the most pertinent prior art was considered by the Patent Examiner in the present case and that the presumption of validity is strengthened by the allowance of plaintiff's patent over the most pertinent prior art. Cold Metal Process Co. v. Republic Steel Corp., 6. Cir., 1956, 233 F.2d 828.

To establish invalidity of plaintiff's patent, defendant has alleged anticipation and obviousness. In addition, defendant strongly contended that plaintiff's patent is invalid "on its face".

Defendant did not submit any authorities giving meaning to the term "invalid on its face". The discussion in the briefs devoted to this argument is a mixture of defendant's contentions of anticipation and obviousness. Although

the problem of understanding defendant's label for its arguments is merely semantic, it would have been helpful to this Court if defendant had made clear just what was meant by the alleged invalidity of plaintiff's patent "on its face". In view of the fact that the terms "anticipation" and "obviousness" have well defined meanings, it appears that orderly proceedings and the communication between court and counsel would be facilitated if the contention of invalidity of a patent "on its face" was limited to situations where one or more substantial and material defects appear *on the face* and within the four corners of the patent and where no resort to extrinsic evidence is required.

No defect whatever *on the face* of plaintiff's patent has been suggested or shown in the present case.

The necessary elements to establish anticipation have been set forth recently by the Court of Appeals for this Circuit in Aluminum Co. of America v. Sperry Products, Inc., 285 F.2d 911, at page 917:

> "Judge McAllister, speaking for the Court in Allied Wheel Products v. Rude, 6 Cir., 206 F.2d 752, 760, said: 'Anticipation belongs in the field of novelty. To anticipate an invention is to negative novelty; but even though a patent is not anticipated, and is concededly novel, it may lack invention. In order to anticipate an invention, it is necessary that all of the elements of the invention or their equivalents be found in one single description or structure, where they do substantially the same work in substantially the same way.'"

As has already been pointed out, plaintiff's patent in essence teaches a combination of various panels of two way stretch material designed to give hip and thigh control to the wearer and to provide support for the abdomen during the entire period of pregnancy without the necessity of adjustment through lacings and similar devices.

The Court finds that none of the prior art references cited in this case disclose the exclusive utilization of two way stretch material. In addition, defendant failed to show that any of such prior art references function in the same or substantially the same manner as the garment disclosed by plaintiff's patent and achieve all the objectives claimed for by the patent in suit.

The Court therefore concludes that the defendant has not established that any one of the prior art references cited in this case discloses all of the elements or their equivalents of plaintiff's patent which "do substantially the same work in substantially the same way". The Court is of the opinion that none of the prior art cited anticipates the patent in suit.

Although some suggestions of prior use were made during the trial of this case, no convincing evidence was submitted tending to establish such prior use, nor was this issue seriously argued. The Court therefore is of the opinion that no prior use has been shown.

The statutory requirement of non-obviousness is set forth in 35 U.S.C.A. § 103 as follows:

> "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

In the view of the Court, the question of obviousness is the most substantial problem with respect to the issue of validity in the present case. Unfortunately, the evidence directed to this problem was not specific and convincing and very little attempt was made in the briefs to develop this question.

Particularly with respect to the Blatt patents, the question of obviousness be-

comes very limited: would it have been obvious to one skilled in the art to substitute two way stretch material for the one way stretch panels of Blatt and thereby achieve the hip and thigh control as well as the uplift capacity of the garment disclosed by plaintiff's patent? To put the question another way: was the Patent Examiner in error in allowing plaintiff's patent over Blatt?

In spite of serious doubts, this Court is of the opinion that both of the above questions must be answered in the negative.

It is persuasive to note that in plaintiff's patent two opposing objectives are achieved in the same garment *apparently* because of the use of two way stretch material and *apparently* for the first time in the art: the hip and thigh control and the uplift capacity brought about by the *constrictive* tendency of the appropriate panels, and the adaptability to the expanding abdomen of a pregnant wearer because of the *flexible* quality of the upper front panel.

In view of the fact that no evidence was submitted with respect to the functional difference or lack thereof between the garments disclosed in the Blatt patents and in plaintiff's patent, and in view of the strong presumption of validity existing in this case, coupled with the fact that all three of the accused garments appeared on the market shortly after plaintiff's garment, now covered by the patent in issue, was produced and sold, this Court is of the opinion that defendant failed to establish that plaintiff's patent would have been obvious to one skilled in the art at the time the invention was made.

Pursuant to the above, the Court concludes that defendant has failed to show by "satisfactory and convincing evidence" that the patent in issue is invalid and the Court finds such patent to be valid.

### Infringement

Plaintiff's patent having been found valid, the burden is on the plaintiff to establish its claim of infringement.

United States Rubber Co. v. General Tire & Rubber Co., 6 Cir., 1942, 128 F.2d 104.

To determine whether infringement exists, the Court must compare the allegedly infringing devices with the pertinent claims in the patent. It is well established that in so doing, the Court must construe the claims in view of the prior art and in the light of the invention disclosed by the patent. Where the prior art is crowded, the claims must be narrowly construed. See 69 C.J.S. Patents § 204 and cases cited there. In the present case, the prior art is crowded with respect to plaintiff's invention, and plaintiff's invention was allowed on the basis of some very fine distinctions over the prior art. In accordance with the above rule, the claims of plaintiff's patent must, therefore, be narrowly construed.

The two accused Materna garments, models 28–G and 28–P, are alleged to infringe claims 1, 3, 4, 6 and 7 of plaintiff's patent, while the accused Charma garment allegedly infringes claims 1, 6 and 7 of plaintiff's patent. All three of the accused garments have two way stretch panels which are arranged generally as specified in plaintiff's patent.

The upper front panels of all three garments are made of light, shirred material which is very readily stretchable in one direction due to elastic strands incorporated in the material. There is a very slight stretch in the other direction brought about solely by the shirred nature of the material. In view of the limitation common to all claims in issue, that the upper front panel must be "of material readily stretchable horizontally and vertically", one of the questions before the Court is whether these upper front panels are *readily* stretchable in *both* directions. It is evident that because of the ambiguous nature of the term "readily", this question cannot be considered in a vacuum and without some standard. Such a standard is supplied by plaintiff's patent itself when it is stated in the specification that the upper front panel must be "capable of expanding

vertically and horizontally without exerting appreciable pressure" (over any area of the abdomen during pregnancy). C. 1, ls. 29–36.

Outside of the characterizations by the various expert witnesses that these panels are or are not "readily" stretchable in *both* directions, there is no evidence in this case throwing light on the above question.

It must further be pointed out that during the prosecution of the patent, the patentee drew a very narrow distinction between his "two-way stretch shirred netting material" and the puckered front panel disclosed by the patent to Jacobson, No. 2,462,195 (File Wrapper, p. 17).

In view of this narrow distinction drawn by the patentee and in view of the utter lack of evidence which would tend to show that the upper front panels of the accused garments do not exert "appreciable pressure" on the abdomen of a pregnant wearer, this Court finds that plaintiff has failed to establish infringement with respect to the element under discussion.

Another limitation common to all the claims involved here is the requirement that the lower front panel be of a material "substantially less yieldable" than the upper front panel.

As has already been pointed out, all three of the upper front panels are very "yieldable" in the direction of their rubber strands, but have very little stretch in the direction at right angles to such strands. The lower front panels of the accused garments, although constructed of heavier material, also are very flexible in one direction due to rubber strands in the material but have very little flexibility in the other direction. A comparison of the flexibility of the respective lower and upper front panels shows that they have approximately the same flexibility in the direction at right angles to the rubber strands while there is substantially greater flexibility in the respective upper front panels in the direction of the rubber strands. It further appears, and the Court so finds, that the respective lower front panels are at least as yieldable and perhaps even more yieldable in the direction of the rubber strands as compared with the flexibility of the upper front panels in the direction at right angles to the rubber strands. On the other hand, the lower front panels are substantially less yieldable in the direction at right angles to the rubber strands as compared with the flexibility of the upper front panels in the direction of the rubber strands.

It is evident that "yieldability" can be tested only in a directional sense. Since both the upper and lower front panels are essentially two dimensional as far as their flexibility is concerned, it is further clear that there are four possible ways in which the respective flexibilities of the two panels can be compared.

As has already been shown, two of these four comparisons establish that the respective lower front panel is *not* "substantially less yieldable" than the respective upper front panel. A finding of infringement of this element, if possible at all, could be reached only through a most liberal construction of the claims in question.

In the present case such a construction cannot be given to the claims. The Court, therefore, finds that the accused garments do not infringe plaintiff's patent with respect to the limitation under discussion.

Another distinction drawn by Charma with respect to its garment is that the lower front panel is not "seamed to" the upper front panel as required by claims 1, 6 and 7 because of the elastic strip insert between the two panels in the Charma garment.

Webster's New International Dictionary defines the verb "seam" as:

"To join by sewing together (pieces of cloth, leather, etc.); to unite with stiches, esp. running stiches; * * *"

This Court is of the opinion that the term "seam" is not a word of art and that the common, ordinary meaning of this word, as defined in Webster is to attach two things together and *not* to at-

tach or *seam* two things to a third, intervening element.

In accordance with the above, the Court finds that in the garment by Charma, the lower front panel is not "seamed *to*" the upper front panel.

With respect to the Materna garment model No. 28–G, it is also alleged that the criss-cross support of that garment does not infringe claims 1 and 4 of plaintiff's patent for the reason that it does not constitute an "inner abdomen supporting sling * * * following along the general contour of the seaming joining said front upper and lower panels".

The inner abdomen support in the Materna garment consists of two elastic bands or slings arranged in a cross which generally overlies the junction between the upper and lower front panels.

In the specification of plaintiff's patent, the sling is described as "an inner, horizontally extending abdomen support band or sling 14 of a suitable elastic webbing * * *" (C. 2, ls. 16–18).

It follows from this description in the specification that the limitation in claims 1 and 4 refers to *one* band or sling which generally *follows* the lower contour of the upper front panel in a horizontal direction.

Defendant's criss-cross support consists of *two* bands or slings, two arms of which overlie the seam referred to while the other two arms extend downwardly away from such seam.

Construing the claims of plaintiff's patent narrowly, this Court finds that the Materna garment model 28–G does not have "*a* sling * * * *following* the general contour", etc.

As to the remaining contentions by Materna and Charma directed to the arrangement of the sling and to the seam between the front and rear units of the respective garments, the Court finds that no substantial difference over plaintiff's patent exists.

The Court, therefore, concludes that the plaintiff has failed to establish infringement of its patent by the three accused garments and that these garments do not infringe.

### Summary

■ Pursuant to the above discussion, this Court finds and concludes:

1. Claims 1, 3, 4, 6 and 7 of plaintiff's patent No. 2,854,006 are valid.

2. Claims 1, 3, 4, 6 and 7 are not infringed by Materna-Line's garments, models 28–G and 28–P.

3. Claims 1, 6 and 7 are not infringed by Charma's garment.

An appropriate form of judgment may be submitted.

Additional findings of fact and conclusions of law in accord with this opinion may be submitted by counsel for all parties on or before July 17, 1961.